United States District Court
Southern District of Texas

**ENTERED**
August 17, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **CARLOS H. GONZALEZ,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 5:22-CV-116** |
| | § | |
| **ZAPATA COUNTY *et al.*,** | § | |
| | § | |
| **Defendants.** | § | |

## ORDER

Two of the six Defendants in this case are "Zapata County News, and its publisher, Karran Westerman." (Dkt. No. 15 at 1). Currently before the Court is an Answer, signed by Defendant Westerman, which states as follows:

> This is my answer to this lawsuit.
>
> I was served on Tuesday, August 8, 2023. I deny all allegations in this lawsuit.
>
> My information is Karran Westerman, Falcon Publications Inc. doing business as Zapata County News.

(Dkt. No. 34 at 1). It is unclear from this Answer, (*ibid.*), and from the representations in Plaintiff's First Amended Complaint, (Dkt. No. 15 at 7), what kind of legal entity Zapata County News is. If, for instance, Zapata County News is a corporation or an LLC, then Westerman is not permitted to file an answer on its behalf. *See Paradise Vill. Children's Home Inc. v. Liggins*, 78 Fed. App'x. 930, 931 (5th Cir. 2003) ("[A] corporation can appear in a court of record only by an attorney at law."); *Pharma Funding LLC v. Verde Pharmacy & Med. Supply LLC*, No. 3:20-CV-1731-N-BN, 2022 WL 895056, at *2 (N.D. Tex. Mar. 14, 2022), *report and recommendation adopted*, No. 3:20-CV-1731-N-BN, 2022 WL 1128958 (N.D. Tex. Apr. 15, 2022) (extending bar against proceeding *pro se* to LLCs). If, on the other hand, Zapata County News is a sole proprietorship of Westerman's, then Westerman can file an answer on its behalf. *See M3Girl Designs LLC v. Purple Mountain Sweaters*, No. 3:09-CV-2334-G, 2010 WL 304243, at *2 (N.D. Tex. Jan. 22, 2010) (holding

sole proprietorships may proceed *pro se* because, unlike corporations and LLCs, they "ha[ve] a legal existence only in the identity of the sole proprietor.").

In addition to the Court's concerns regarding Westerman's authority to file an answer on behalf of Zapata County News, the Court notes that the Answer is substantively defective as well.

"A party that intends in good faith to deny all the allegations of a pleading— including the jurisdictional grounds—may do so by a general denial. FED. R. CIV. P. 8(b)(3). Otherwise, a party "must either specifically deny designated allegations or generally deny all except those specifically admitted." *Ibid.* General denials are appropriate "only in the most exceptional cases." CHARLES A. WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. § 1265 (3d ed. 2004). Westerman "cannot credibly represent to the Court that h[er] general denial was made in good faith in light of federal pleading standards." *Cano v. Garcia*, No. SA-20-CV-01331-OLG, 2021 WL 733963, at *1 (W.D. Tex. Feb. 24, 2021). For instance, Westerman surely does not have a good faith basis for denying Plaintiff's allegation that he "has a young son and is employed in the oil and gas services sector." (Dkt. No. 1 at 3).

Accordingly, the Court **ORDERS** Defendant Karran Westerman to file an advisory by **August 28, 2023**, stating whether Zapata County News is a sole proprietorship, for which she is the sole proprietor, or identifying and naming the distinct type of legal entity of the company.

Furthermore, the Court **ORDERS** Westerman to file an amended answer by **August 28, 2023**, responding to each allegation in Plaintiff's Complaint, (Dkt. No. 1). *See* FED. R. CIV. P. 8(b).

The Court further **ADMONISHES** Westerman that, by signing her amended answer, she "certifies that to the best of . . . [her] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . [that] the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or lack of information." FED. R. CIV. P. 11(b).

The Clerk of the Court is hereby **DIRECTED** to promptly mail a copy of this Order to Defendant Karran Westerman via certified mail, return receipt requested, at the following address: 2765 South U.S. Highway 83, Zapata, Texas 78076. (*See* Dkt. No. 34).

It is so **ORDERED**.

**SIGNED** on August 17, 2023.

John A. Kazen
United States Magistrate Judge