United States District Court
Southern District of Texas
**ENTERED**
September 11, 2023
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# LAREDO DIVISION

| | | |
|---|---|---|
| **CARLOS H. GONZALEZ,** | § § § | |
| **Plaintiff,** | § § | |
| **V.** | § § | **CIVIL ACTION NO. 5:22-CV-116** |
| **ZAPATA COUNTY *et al.*,** | § § § | |
| **Defendants.** | § | |

## ORDER

The Court previously ordered Defendant Karran Westerman ("Westerman") to file an advisory stating whether Zapata County News ("ZCN") is a distinct legal entity such as a corporation or a limited liability company, or a sole proprietorship for which she is the sole proprietor. (Dkt. No. 35). The answer to that question would determine whether Westerman is permitted to file an answer on ZCN's behalf and otherwise represent the company as a *pro se* defendant. *See Paradise Vill. Children's Home Inc. v. Liggins*, 78 Fed. App'x. 930, 931 (5th Cir. 2003) ("[A] corporation can appear in a court of record only by an attorney at law."); *Pharma Funding LLC v. Verde Pharmacy & Med. Supply LLC*, No. 3:20-CV-1731-N-BN, 2022 WL 895056, at *2 (N.D. Tex. Mar. 14, 2022), *report and recommendation adopted*, No. 3:20-CV-1731-N-BN, 2022 WL 1128958 (N.D. Tex. Apr. 15, 2022) (extending *pro se* bar to LLCs); *M3Girl Designs LLC v. Purple Mountain Sweaters*, No. 3:09-CV-2334-G, 2010 WL 304243, at *2 (N.D. Tex. Jan. 22, 2010) (allowing sole proprietorships to proceed *pro se* because they "ha[ve] a legal existence only in the identity of the sole proprietor.").

Westerman misunderstood the Court's Order, (Dkt. No. 35), advising as follows:

> I was informed on Monday, August 21 that I had until August 28 to find an attorney so that he could file an answer on my behalf. My answer was not accepted.

(Dkt. No. 38). The Court did not order Westerman to find an attorney to represent her. She may represent herself. However, unless Westerman is ZCN's sole proprietor, then ZCN must be represented by an attorney in this Court.

Regarding the answer Westerman has filed in this case, the entire substance of that answer stated:

> This is my answer to this lawsuit.
>
> I was served on Tuesday, August 8, 2023. I deny all allegations in this lawsuit.
>
> My information is Karran Westerman, Falcon Publications Inc. doing business as Zapata County News.

(Dkt. No. 34 at 1). The Court informed Westerman that this type of "general denial" is generally not allowed in federal court. Outside of "the most exceptional cases," CHARLES A. WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. § 1265 (3d ed. 2004), a party "must either specifically deny designated allegations or generally deny all except those specifically admitted." FED. R. CIV. P. 8(b)(3). Thus, the Court ordered Westerman to file an amended answer, specifically responding to each allegation in Plaintiff's Complaint. (Dkt. No. 35 at 2).

It was clear from Westerman's advisory, (Dkt. No. 38), that she did not understand what the Court expected from her. Thus, the Court set a status conference for September 8, 2023 to clarify Westerman's obligations and the Court's expectations regarding her participation in this case. (Dkt. No. 39). However, neither Westerman nor ZCN appeared at the conference. (Min. Entry Sep. 8, 2023). Plaintiff's counsel represented that Westerman's absence may have been due to illness. (*Ibid.*). Even if that were true, Westerman did not inform the Court of her intention to not appear for the conference and she did not otherwise move for a continuance on that or any other basis. Additionally, none of the parties or their counsel who were present at the status conference were able to meaningfully opine on the legal status of ZPN vis-à-vis Westerman. (*Ibid.*).

Based on the foregoing, the Court **SETS** another telephonic Status Conference for **September 22, 2023, at 9:00 a.m.** Plaintiff's counsel shall initiate the conference call with Westerman and counsel for the other Defendants and then proceed to call in to the Court at **(956) 790-1757**.

Furthermore, prior to the status conference, Plaintiff's counsel is **ORDERED** to investigate the nature and legal status of Defendant Zapata County News and file an advisory by **September 18, 2023, at 12:00 p.m.**, providing any information Plaintiff is

able to obtain regarding the nature of the legal entity that is Zapata County News, including whether it is Defendant Karran Westerman's sole proprietorship or another type of legal entity.

The Court also admonishes Westerman that "pro se litigants are not exempt from complying with court rules of procedure and substantive law." *Pittman v. Seterus, Inc.*, No. 3:14-CV-3852-M (BF), 2016 WL 4791926, at *2 (N.D. Tex. Jan. 8, 2016). The Court has already clarified Westerman's obligations in this order and will do so again at the status conference. It is Westerman's obligation comply with applicable law and the Court's orders. Failure to comply with this Order by not attending the status conference set for September 22, 2023 may result in sanctions.

The Clerk of the Court is **DIRECTED** to promptly send a copy of this Order to Defendant Karran Westerman via electronic mail to zapatamngr@gmail.com and via certified mail, return receipt requested, to the following address: 2765 South U.S. Highway 83, Zapata, Texas 78076. Additionally, Plaintiff's counsel is **ORDERED** to immediately send a copy of this order to Defendant Karran Westerman at zapatamngr@gmail.com and confirm her receipt of the same.

It is so **ORDERED**.

**SIGNED** on September 11, 2023.

John A. Kazen
United States Magistrate Judge