United States District Court
Southern District of Texas
**ENTERED**
April 17, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| CARLOS H. GONZALEZ § § | |
| VS. § § | CIVIL ACTION NO. 5:22-CV-116 |
| ZAPATA COUNTY, RAYMUNDO DEL BOSQUE, JR., JOE PEÑA, AND JOSE MARTINEZ § § § § | |

## **ORDER**

Before the Court is Defendants' Amended Unopposed Motion for Leave to File Original Answer to Plaintiff's Second Amended Complaint. (Dkt. No. 85).

Under Federal Rule of Civil Procedure 6(b)(1), "[w]hen an act may or must be done within a specified time, the court may for good cause," grant an extension of time. Fed. R. Civ. P. 6(b)(1). If a party request's an extension or leave after the time to do the underlying act expires, the party must demonstrate that it failed to meet the deadline due to "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The factors used to determine whether excusable neglect exists include: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *Blake v. Peake*, No. H-04-1068, 2008 WL 5114655, at *1 (S.D. Tex. Dec. 3, 2008) (quoting *Adams v. Travelers Indent. Co. of Connecticut*, 465 F.3d 156, 162 n.8 (5th Cir. 2006).

"'[E]xcusable neglect' under Rule 6(b) is somewhat [of an] 'elastic concept' and

1

is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Generally, "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Id*. at 392. However, "case law [] indicates that courts are more inclined to grant a Rule 6(b) motion if denying it would be tantamount to granting a default judgment." *Peake*, 2008 WL 5114655, at *2. This is due in large part to the fact that "[f]ederal courts generally disfavor default judgments." *Harper Macleod Solicitors v. Keaty & Keaty*, 260 F.3d 389, 393 (5th Cir. 2001).

In their supplemental brief, Defendants explain that "due to oversight, [Defendants] did not file an Answer subsequent" to the Court's dismissal of some of Plaintiff's claims. (Dkt. No. 85 at 2). As stated above, such inadvertence generally does not constitute excusable neglect. Nonetheless, the Court recognizes that denying a motion to file an answer is heavily disfavored. Therefore, the Court finds that good cause and excusable neglect exists.

Accordingly, the Court **GRANTS** Defendants' Motion for Leave to File Original Answer to Plaintiff's Second Amended Complaint. (Dkt. No. 85). The Clerk of Court is **DIRECTED** to docket Defendants Original Answer. (Dkt. No. 85-2). The Court **DENIES as moot** Defendants' Motion for Leave Original Answer to Plaintiff's

Second Amended Complaint. (Dkt. No. 83).

IT IS SO **ORDERED**.

**SIGNED** on this 17th day of April, 2025.

Christopher dos Santos
United States Magistrate Judge