UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| CARLOS H. GONZALEZ | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:22-CV-116 |
| | § | |
| ZAPATA COUNTY, RAYMUNDO DEL | § | |
| BOSQUE, JR., JOE PEÑA, AND JOSE | § | |
| MARTINEZ | § | |

## **ORDER**

Before the Court is the parties' Joint Motion for Deadlines Extension and to Modify Scheduling Order. (Dkt. No. 99). Aside from the mediation deadline set for December 15, 2025, the parties seek to extend the remaining deadlines in their First Amended Scheduling Order by ninety (90) days. (*Id.* at 1).

Under Federal Rule of Civil Procedure 16(b)(4), a court may modify a scheduling order deadline upon a showing of good cause. "The good cause standard requires a party to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Filgueira v. U.S. Bank Nat'l Ass'n*, 734 F.3d 420, 422 (5th Cir. 2013) (citing 6A Charles Alan Wright et al., Federal Practice and Procedure § 1522.1 (2d ed. 1990)). The factors relevant to good cause are: (1) the explanation for the failure to timely meet the scheduling order deadline; (2) the importance of the deadline; (3) potential prejudice in allowing an extension to the deadline; and (4) the availability of a continuance to cure such prejudice. *See E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 334 (5th Cir. 2012).

In making their request, the parties explain they have a mediation scheduled for November 24, 2025, but "discovery is still ongoing and should the case not settle,

additional discovery will need to be conducted." (Dkt. No. 99 at 1). The parties note that discovery has not been completed due to heavy caseloads and logistical issues. (*Ibid.*). In particular, the parties share that Plaintiff's deposition was started, but "halted to allow for the entry of a Protective Order." (*Id.* at 1–2). Plaintiff cannot continue his deposition until December due to his schedule. (*Id.* at 2). Further, it took "an inordinately long time" for the parties to acquire the emails of former Sheriff Del Bosque and former Executive Chief Pena through an electronic record-retrieval company. (*Ibid.*). As a result, Plaintiff's counsel needs time to review the emails and conduct any additional discovery. (*Ibid.*). Thus, the parties request additional time to complete discovery. (*Ibid.*). Last, the parties assert that this is their second request to extend the scheduling order deadlines, and the extension will not prejudice either party. (*Ibid.*).

Finding good cause to extend the remaining scheduling order deadlines, the Court **GRANTS in part and DENIES in part** the parties' Joint Motion for Deadlines Extension and to Modify Scheduling Order. (Dkt. No. 99). The Court **GRANTS** the parties' motion as it will extend the remaining scheduling order deadlines. However, the Court **DENIES** the motion insofar as it will not extend the deadlines by ninety (90) days. Rather, the Court **EXTENDS** all remaining scheduling order deadlines, excluding the deadline to conduct mediation, by sixty (60) days. Additionally, the Court **RESETS** the January 20, 2026, status conference to **March**

**10, 2026, at 11:00 a.m.** An amended scheduling order will follow.

    IT IS SO **ORDERED.**

    **SIGNED** on this 12th day of November, 2025.

                                             Christopher dos Santos
                                             United States Magistrate Judge